UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE SEPTEMBER 11 PROPERTY DAMAGE          21 MC 101 (AKH)
AND BUSINESS LOSS LITIGATION

---

CONSOLIDATED EDISON COMPANY OF NEW          07 CV 10582 (AKH)
YORK, INC., et al.,

                                    Plaintiffs,

              -against-

THE PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

                        Defendant.

---

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION
## TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT

---

                         Gennet, Kallmann, Antin & Robinson, P.C.
                         Attorneys for Plaintiffs
                         45 Broadway Atrium
                         Litman Suite
                         New York, New York 10006
                         (212) 406-1919

Mark L. Antin (MA0427)

                         Greenbaum, Rowe, Smith & Davis, LLP
                         Attorneys for Plaintiffs
                         Metro Corporate Campus One
                         P. O. Box 5600
                         Woodbridge, New Jersey 07095-0988
                         (732) 549-5600

Franklin M. Sachs (FS6036)
Jane J. Felton (JF7345)
Malvina Nathanson (MN8497)

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................. 1

LEGAL ARGUMENT ............................................................................................... 1

POINT I ..................................................................................................................... 1
THE MOTION TO AMEND IS TIMELY AND NOT BARRED.
*(replying to Points I and II of Defendant's Memorandum of Law)* ............................ 1

   A.   Con Edison's Right To Bring Its Amended Complaint Is Not
Precluded By The Fact That It Did Not Move To Reconsider This
Court's September 20, 2007 Ruling, Which Did Not Determine
Whether An Amended Complaint Would Lie For Breach Of The
Parties' Lease. ................................................................................................ 1

   B.   The Law Of The Case Does Not Bar Con Edison's Amended And
Supplemental Complaint............................................................................... 2

POINT II ................................................................................................................... 7
THE THIRD AND FOURTH CAUSES OF ACTION OF THE
PROPOSED AMENDED AND SUPPLEMENTAL COMPLAINT ARE
NOT TIME BARRED. *(replying to Points III(A) and (B) of Defendant's
Memorandum of Law.)* ...................................................................................... 7

POINT III ................................................................................................................... 10
THE NOTICE OF CLAIM REQUIREMENT HAS BEEN SATISFIED
BY THE NOTICE OF CLAIM FILED IN APRIL 2002 WITH RESPECT
TO THE FOURTH CAUSE OF ACTION IN THE PROPOSED
COMPLAINT. *(replying to Points III(C) and (D) of Defendant's
Memorandum of Law.)* ...................................................................................... 10

   A.   New York Law Does Not Support The Restrictive Interpretation
Of Section 7108's "Nature Of Claim" Requirement Advocated By
Port Authority. ............................................................................................. 11

   B.   Con Edison Provided Port Authority Timely Notice Of Claim
Sufficient To Afford It Time To Investigate And Assess The
Merits Of Both Its Negligence And Lease Claims. ....................................... 14

POINT IV ................................................................................................................... 15
THE MOTION TO FILE AN AMENDED AND SUPPLEMENTAL
COMPLAINT DOES NOT ASSERT A POSITION INCONSISTENT
WITH AN EARLIER POSITION RELIED ON BY THE COURT.
*(replying to Point IV)* ...................................................................................... 15

CONCLUSION ........................................................................................................... 19

1013920.01 6/9/2008 1:49 PM

## TABLE OF AUTHORITIES

**Page**

*Cases*

Ahrens v. Perot Systems Corp.,
    205 F.3d 831 (5th Cir. 2000) ........................................................................ 17

City of New York v. Port Authority of New York and New Jersey,
    284 A.D.2d 195, 726 N.Y.S.2d 261 (1st Dept. 2001) .................................. 11

DaCruz v. Towmasters of New Jersey, Inc.,
    22 A.D.3d 629, 804 N.Y.S.2d 359 (2d Dept. 2005)....................................... 9

Edwards v. Aetna Life Insurance Company,
    690 F.2d 595 (6th Cir. 1982) ........................................................................ 17

Gordon v. City of New York,
    79 A.D.2d 981, 434 N.Y.S.2d 478 (2d Dept. 1981)...................................... 13

In Matter of Coastal Plains,
    179 F.3d 197 (5th Cir. 1999) ........................................................................ 17

Jewell v. City of New York,
    1995 WL 96432 at *1 (S.D.N.Y., dec. March 1, 1995) (n.o.r.) (Port
    Authority Opp. Memo at 13-14).................................................................... 12

Lieber v. Village of Spring Valley,
    40 F.Supp.2d 525 (S.D.N.Y. 1999) .............................................................. 13

New Hampshire v. State of Maine,
    532 U.S.742 (2001) ................................................................................. 16, 18

Olivera v. City of New York,
    270 A.D.2d 5, 704 N.Y.S.2d 42 (1st Dept. 2000) ........................................ 12

Reynolds v. Commissioner of Internal Revenue,
    861 F.2d 469 (6th Cir. 1988) ........................................................................ 16

Serko v. Port Authority,
    02-cv-10052 (AKH) ...................................................................................... 11

Steinberg v. Village of Garden City,
    247 A.D.2d 463, 668 N.Y.S.2d 674 (2d Dept. 1998)............................. 12, 13

Taunus Corp. v. City of New York,
  279 F.Supp.2d 305 (S.D.N.Y. 2003) ........................................................................ 11, 12

Vaniman Int'l Inc. v. Pirrone,
  22 B.R. 166 (Bankr. S.D.N.Y. 1982) ...................................................................... 17, 18

Yonkers Contracting Co., Inc. v. Port Authority Trans-Hudson Corp.,
  93 N.Y.2d 375, 690 N.Y.S.2d 512 (1999).......................................................................... 9

*Rules*

Fed. R. Civ. P. 15(c)(1)(B)...................................................................................... 1, 7, 8, 9

## PRELIMINARY STATEMENT

Port Authority misapprehends both the law and facts in opposition to Con Edison's motion to file an amended and supplemental complaint. Contrary to Port Authority's arguments, Con Edison's motion is timely and not precluded either by the law of the case or the fact that Con Edison did not file a motion for reconsideration of this Court's limited September 20, 2007 ruling. More fundamentally, the third and fourth causes of action asserted in Con Edison's proposed Amended and Supplemental Complaint are also timely. As explained below, the law does not support Port Authority's extreme view of Fed. R. Civ. P. 15(c)(1)(B) and does support this Court finding that Con Edison's fourth cause of action relates back to both its original complaint and its original notice of claim. Finally, Con Edison's third cause of action is not barred because it accrued since the filing of the original complaint and within the statute of limitations.

## LEGAL ARGUMENT

### POINT I

**THE MOTION TO AMEND IS TIMELY AND NOT BARRED.** *(replying to Points I and II of Defendant's Memorandum of Law)*

**A.    Con Edison's Right To Bring Its Amended Complaint Is Not Precluded By The Fact That It Did Not Move To Reconsider This Court's September 20, 2007 Ruling, Which Did Not Determine Whether An Amended Complaint Would Lie For Breach Of The Parties' Lease.**

Port Authority argues that Con Edison's only option to have its breach of contract claims heard after this Court's September 20 denial of Con Edison's proposed supplemental complaint was to move for reconsideration. It is wrong. Con Edison did

not file such a motion to reconsider this Court's ruling denying permission to file the "Third Complaint" (the proposed supplemental complaint filed in August 2007)[1] for the simple reason that the Court's only ruling was correct. The motion to file the proposed supplemental complaint was denied because it did not contain the necessary jurisdictional allegation concerning the filing of the requisite notice of claim.

### B.   The Law Of The Case Does Not Bar Con Edison's Amended And Supplemental Complaint.

Port Authority is wrong to suggest that Con Edison's November 2007 Complaint is barred by the law of the case and is merely an attempt to "circumvent" or "avoid" this

---

[1]   Port Authority makes a point of referring to the Third, Fourth, Fifth and Sixth Complaints, as though Con Edison is engaged is an endless series of attempts to come up with a complaint that will pass muster. This is not a fair portrayal. The first two complaints were unremarkable – a complaint filed against Port Authority and then amended to add the City of New York as a defendant. In August 2007, Con Edison filed a motion to supplement the complaint. The Port Authority refers to the proposed supplemental complaint as the "Third Complaint"; it is more correctly styled as the proposed supplemental complaint. At about the same time, a new complaint (referred to by Port Authority as the "Fourth Complaint") was filed but withdrawn at the same time the motion to file a supplemental complaint was denied. A complaint was filed in November 2007 (referred to by Port Authority as the "Fifth Complaint" but more correctly termed the November 2007 complaint). Con Edison then moved to file an amended and supplemental complaint (imprecisely referred to by Port Authority as the "Sixth Complaint" and called here the proposed amended and supplemental complaint) only should this Court grant the motion to dismiss the November 2007 Complaint on the basis that it is time-barred or violative of the claim-splitting doctrine. The November 2007 complaint and the proposed amended and supplemental complaint are the subject of the pending motions (Port Authority's motion to dismiss the former and Con Edison's motion to file the latter). This is only the second attempt to add causes of action explicitly identifying the lease provisions upon which the contract claims are based. Whether Con Edison is correct that the proposed causes of action lie, whether by way of the November 2007 complaint or the proposed amended and supplemental complaint, should be resolved on the merits and not on the specious grounds that "enough is enough" (Port Authority's memorandum in opposition to Con Edison's motion to file an amended and supplemental Complaint [Port Authority Opp. Memo] at 1).

1013920.01 6/9/2008 1:49 PM

Court's prior Order.  The only law of the case determined by the Court's September 20, 2007 denial of the motion to file a complaint was that the proposed supplemental complaint lacked a timely notice of claim to support it.  Con Edison's November 2007 complaint is not an attempt to "circumvent" or "avoid" that denial but an attempt to file a complaint that is jurisdictionally proper.  See Port Authority's reply memorandum in support of its motion to dismiss the November 2007 complaint (Port Authority Reply Memo ISO Motion to Dismiss) at 16 and n. 8.

The Court's conference with the parties on September 27, 2007 -- when reviewed in its entirety -- reflects that conclusion.  Con Edison discussed the Court's September 27, 2007 conference and ruling in detail in its motion to file an amended and supplemental complaint.  See Con Edison Memo ISO Motion to Amend at 1, n. 1; Con Edison Opp. Memo to Motion to Dismiss at 10-11.[2]  Nonetheless, because Port Authority's arguments rely so heavily on that conference, Con Edison will point to relevant portions showing that the Court did not in fact rule that a complaint for breach of contract would not lie, italicizing those portions in particular that demonstrate the Court's intent to -- in its own words -- allow Con Edison to make its claim "kosher" at a later date.

- The discussion began with counsel's explanation that the proposed supplemental complaint was based on a contract cause of action that arose only after Port Authority refused Con Edison's May 18, 2007 demand for payment under various sections of the lease.  (D Ex N at 2-3, Tr 5/1-10).[3]

---

[2] Port Authority is therefore incorrect to claim that "Plaintiffs have purposefully ignored this Court's prior ruling and made no attempt to explain why it should not bar their latest motion to amend or supplement."  See Port Authority Opp. Memo at 9.

[3] References to the exhibits filed with Port Authority's motion to dismiss the November 2007 complaint and Con Edison's opposing memorandum will be styled as in

1013920.01 6/9/2008 1:49 PM

The Court immediately questioned whether the complaint included an allegation that a notice of claim had been filed and counsel conceded it did not.    The Court's response was immediate and definitive:    *"So this supplemental complaint is deficient. ... So it is not accepted."* (D Ex N at 3, Tr 6/13-16).    The Court also denied counsel's request for an adjournment of the motion so counsel could file a notice of claim: "No, I am not going to adjourn the motion. I am going to deny the motion. *You can do what you want to make it kosher, if you can."* (D Ex N at 3, Tr 6/22-24).

- The Court then went "to the merits more fundamentally" and traced some of the history of the litigation.    It remembered a discussion with the attorneys for Port Authority and Citigroup with respect to whether Con Edison's complaint "sounded in contract or tort" and the point made in that discussion that "the concepts in tort and contract begin to merge." (D Ex N at 3, Tr 7/8-15).    It asked whether there was an inconsistency between the first complaint, which alleged that the cause of action arose September 11, 2001, and the proposed complaint, which alleged that the cause of action arose June 7, 2007 (D Ex N at 3, Tr 8/18-22), but then understood counsel's position – *that the negligence claim arose on September 11, while the contract claim arose "when Port Authority stopped paying you."* (D Ex N at 4, Tr 9/5-9).

- The Court then reiterated its ruling denying the motion to file the proposed supplemental complaint *because there was no timely filed notice of claim*, rejecting counsel's attempt to rely on the original notice of claim because it had been filed before the cause of action arose as recited in the proposed complaint. (D Ex N at 4, Tr 10/4-8).

- As the discussion continued, the Court referred to the difficulty in understanding Sections 16(b) and 40 of the lease. (D Ex N at 4, Tr 12/4-11).[4]

---

Con Edison's opposing memorandum (as "D Ex. ..." and "P Ex. ..."). The transcript of the September 20, 2007 conference is in a four-to-a-page format so, for the convenience of the Court, that exhibit page number will be followed by the transcript page number and line.

[4] Given that the Court referred to periods of construction and of maintenance, and since there is no Section 16(b), it is likely that the court meant Sections 8(b) and 16. This is the same slip made by plaintiff's counsel when he erroneously referred to Section 16 instead of Section 8 at the hearing on February 16, 2006.

- Later, the Court said that if the motion to file a supplemental complaint had been made "promptly," *it would clearly have granted it*, but then said that it did not believe the contract cause of action was a "new" cause of action and was "*disinclined* to allow it as a supplemental complaint." (D Ex N at 6, Tr 18/2-8).

- The Court thought that "this [apparently referring to the claims under Sections 16, 17 and 18] has been in the case for a long time. It is all part of the recovery that you seek, and that's where it should be." (D Ex N at 6, Tr 20/7-9). Yet, when counsel expressed the view that the breach of contract language in the original complaint was enough to cover the contract claims, the Court responded that "it is not." (D Ex N at 6, Tr 20/10-13).

- Nonetheless, despite that concern, which the Court said it could address at a later date, *the Court only denied the motion to supplement "by this complaint." It added that "[i]f you give me a proper amendment, if you feel you need to amend, I will deal with it at that time."* (D Ex N at 7, Tr 21/2-9).

It is evident, then, that prior to the discussion the Court had already denied the motion to file the proposed supplemental complaint for the correct and adequate reason that the complaint did not allege the filing of a timely notice of claim. Further, the discussion concerning whether the complaint could be amended or supplemented or a new complaint filed did not result in a clear answer, perhaps because the proposed supplemental complaint created an element of confusion: Con Edison's prior complaint had presented as a single cause of action for breach of the lease what would have been better presented as two separate causes of action for two separate breaches of two distinct duties assumed by Port Authority – the indemnification obligation under Section 16 and the insurance obligation under Sections 17 and 18.

-5-

The amended and supplemental complaint Con Edison now seeks to file makes the proper distinctions: the fourth cause of action, based on Section 16 of the lease, is an amendment that relates back to the original complaint; the third cause of action, based on Sections 17 and 18 of the lease, can be considered an amendment that also relates back to the original complaint or as a supplemental cause based on the new facts concerning Port Authority's refusal to pay its insurance obligations that arose long after the initial notice of claim.[5]

As to Section 16, the Court properly noted in its September 27, 2007 conference, the claims under Section 16 "have been in the case for a long time" and have been part of the recovery sought by Con Edison.  (D Ex N at 6, Tr 20/7-9).  The only thing that has changed regarding the claim under Section 16 is that Con Edison now argues that the language of that Section does not require that the "act or omission" of the Port Authority be a negligent act, an argument supported by the explicit language of Section 40.

As to Con Edison's claim for insurance proceeds under Sections 17 and 18, they have never been in the case because the Port Authority had paid $20,000,000 on that obligation and had promised to make full payment from the insurance proceeds, a promise that was not broken until April 2007.

---

[5] At the same September 20, 2007 conference, counsel for Port Authority in effect acknowledged that Port Authority might not live up to its insurance obligation:  "When the Port Authority adjusts or when that insurance claim is adjusted, the rest of it [referring to what would be left after payment of the claims of other claimants], if there is a rest, that we are given by our insurance carrier we will pay over to Con Ed." (D Ex N at 6, Tr 17/3-7).  Con Edison first learned that Port Authority might not live up to these obligations in April, 2007 and sent Port Authority a written demand for payment of all contract obligations on May 18, 2007.

Because the September 2007 decision denying the motion to file the proposed supplemental complaint did not determine whether an amended or supplemental complaint would lie for the contractual claims under the lease, it is not law of the case and is no bar to this Court's consideration of the merits of the motion to file an amended and supplemental complaint.

## POINT II

### THE THIRD AND FOURTH CAUSES OF ACTION OF THE PROPOSED AMENDED AND SUPPLEMENTAL COMPLAINT ARE NOT TIME BARRED. *(replying to Points III(A) and (B) of Defendant's Memorandum of Law.)*

Port Authority does not dispute that, as a factual matter, the proposed contract causes of action relate back to the date of the original complaint.[6]  Instead, it argues, in effect, that Fed. R. Civ. P. 15(c)(1)(B) simply does not apply.  First, it contends that the third and fourth causes of action are time barred because, in Port Authority's words,

> Simply put, any claims against the Port Authority arising out of the events of September 11, 2001, that were not asserted by September 11, 2002, are irrevocably time-barred and cannot be revived by resort to any tolling statute.

See Port Authority Opp. Memo at 12.  Apparently, even had Con Edison made its demand for reimbursement under Section 16 of the lease within the year following 9/11, and moved to amend the complaint in October or November 2002 upon Port Authority's refusal of payment, Port Authority would have argued that the motion had to be denied. As we will argue below, this extreme view that once a complaint is filed against the Port

---

[6]  Significantly, Port Authority has not urged denial of the motion on the grounds that granting the motion would entail significant additional discovery and further delay the resolution of this litigation, a concern expressed by this Court in earlier discussions. Apparently it recognizes that is not the case.

Authority and the statute of limitations has passed, the complaint can never be amended or supplemented, is unsupported by the law.  More, it is not in accord with this Court's observation, expressed during the September 20, 2007 conference, that "... if this motion had been made promptly, I would clearly have granted it."  See D Ex N at 6, Tr 18/4-5.

Next, Port Authority seeks to defeat the motion by misstating Con Edison's position.  It contends that Con Edison "concede[s]" that the contract causes of action "accrued" on September 11, 2001, relying on a statement in Con Edison's memorandum of law that the claims "arose out of" the events of September 11 (Port Authority Opp. Memo at 9).  Except for the fact that the words "accrue" and "arose" both start with the letter "A," there is no similarity between them.  All of Con Edison's claims against Port Authority arose out of the destruction of Con Edison's substation on September 11, but the contract claims under sections 16, 17 & 18 of the lease did not accrue until June, 2007.  See Opp. Memo to Motion to Dismiss at 12-20.  It is the accrual date of the contract causes of action that is the critical question, Port Authority's attempt to muddy that question notwithstanding.

There is no case that holds that Fed R. Civ. P. 15(c)(1)(B) does not apply to the one-year "limitation of actions" provision of sec. 7107, so Port Authority argues the general proposition that "New York courts, including the Court of Appeals, have expressly rejected the argument that the relation back doctrine or any other tolling statute can remedy a plaintiff's failure to comply with Sections 7107 and 7108." (Port Authority Opp. Memo at 11).  Unfortunately, the cases it cites do not stand for this proposition

-8-

since, unlike the case at bar, in neither case was there a valid original complaint in existence to which the amended complaint could relate back.

Port Authority cites as its primary authority DaCruz v. Towmasters of New Jersey, Inc., 22 A.D.3d 629, 804 N.Y.S.2d 359 (2d Dept. 2005), and highlights a single sentence: "The plaintiffs' reliance on the 'relation-back doctrine' to remedy their failure [to comply with Section 7107] is misplaced." What Port Authority neglects to mention, however, is that, according to their own reply brief in that case, the plaintiffs never commenced any action against the Port Authority within one year of the accrual of the cause of action:

> Plaintiffs clearly failed to commence a direct suit against the Port Authority within one year of the accrual of the cause of action. The predicate injuries were sustained on June 9, 2000, but Plaintiffs did not seek to commence a direct suit against the Port Authority until they moved to amend the Complaint on December 20, 2002, more than two years later, and did not serve and file the Amended Complaint until on or about June 20, 2003. The Plaintiffs simply cannot escape the undisputed fact that they failed to commence their direct action against the Port Authority in accordance with the one-year jurisdictional condition precedent for money damages suits against the Port Authority.

2005 WL 4013951, p. 4.

The only other authority cited by Port Authority to support its argument that Fed. R. Civ. P. 15(c)(1)(B) does not apply is Yonkers Contracting Co., Inc. v. Port Authority Trans-Hudson Corp., 93 N.Y.2d 375, 690 N.Y.S.2d 512 (1999). As with DaCruz, in that case there was no existing complaint to which to relate back. The original timely complaint had been dismissed for plaintiff's failure to comply with an alternative dispute resolution precondition to suit. Thus, the case did not deal with a "relation back" rule or

-9-

statute but with CPLR 205(a), a rule that permitted a plaintiff to commence a new action within six months of certain dismissals of a timely filed complaint. The court's holding that this Section of the CPLR could not overcome the requirement of Section 7107 has no applicability to the case at bar.

The claims asserted in the third and fourth causes of action of the proposed amendment to the complaint relate back to the timely filed original complaint since those claims "arose out of the ... occurrence set out in the original pleading." Therefore, the proposed amended complaint would be timely filed under Section 7107. Neither Section 7107 nor any New York cases compel a different result.

### POINT III

**THE NOTICE OF CLAIM REQUIREMENT HAS BEEN SATISFIED BY THE NOTICE OF CLAIM FILED IN APRIL 2002 WITH RESPECT TO THE FOURTH CAUSE OF ACTION IN THE PROPOSED COMPLAINT.** *(replying to Points III(C) and (D) of Defendant's Memorandum of Law.)*

The notice of claim filed April 2002 (D Ex. D) covers the contract claim in the fourth cause of action.[7] Contrary to Port Authority's argument, Con Edison is not asking this Court to apply a "looser interpretation" of Unconsolidated Laws Sections 7107 and 7108 (Port Authority Opp. Memo at 15) or to treat the notice of claim as if it had been filed under the Court of Claims Act (Port Authority Opp. Memo at 16-17). However, this Court should consider policy and equitable factors when it interprets what will satisfy the "nature of the claim" requirement of Sections 7107 and 7108.

---

[7]    Port Authority has not argued that the notice of claim for the third cause of action, proposed as a supplemental complaint, is inadequate or untimely.

-10-

A.    **New York Law Does Not Support The Restrictive Interpretation Of Section 7108's "Nature Of Claim" Requirement Advocated By Port Authority.**

There are no New York precedents interpreting the "nature of claim" requirement, as is evident from Port Authority's failure to cite any cases on this point except this Court's decision in Serko v. Port Authority, 02-cv-10052 (AKH), a case Con Edison urges this Court not to follow (Con Edison Memo ISO Motion to Amend at 3-5).[8]

The cases cited by Port Authority concerning the adequacy of the notice of claim under General Municipal Law § 50-e, which governs claims against municipalities, are not only inapposite but readily distinguishable with one exception. For example, the notice of claim in Taunus Corp. v. City of New York, 279 F.Supp.2d 305 (S.D.N.Y. 2003), "focuse[d] on the City's negligence with respect to ... 1 and 2 World Trade Center." The district court held that it was inadequate to encompass claims concerning the storage of diesel tanks in 7 World Trade Center. 279 F.Supp.2d at 309. The result is not remarkable given the substantial factual differences between a claim of negligence in activities within and concerning two identified buildings and a claim of negligence based on different types of actions with respect to a totally different building. As the court pointed out, the notice of claim did not even mention 7 World Trade Center or the diesel tanks.

---

[8]    City of New York v. Port Authority of New York and New Jersey, 284 A.D.2d 195, 726 N.Y.S.2d 261 (1st Dept. 2001) (Port Authority Opp. Memo at 17), may or may not involve the "nature of claim" requirement; the court does not say and neither does Port Authority.

Unlike in <u>Taunus Corp.</u>, Con Edison's notice of claim and the claims it has made in its amended complaint concern the same building and specifically identify the acts and omissions of the Port Authority as the cause of the damages. These are the same acts and omissions that underlie the contract causes of action. The only difference between these causes of action is whether the same acts or omissions must be found to be "negligent" in order to trigger recovery.

Similarly inapposite is <u>Jewell v. City of New York</u>, 1995 WL 96432 at *1 (S.D.N.Y., dec. March 1, 1995) (n.o.r.) (Port Authority Opp. Memo at 13-14), in which the district court found that a notice of claim based on "negligence" was insufficient as the foundation for a claim of negligent hiring since the notice "contained no facts suggesting that [the negligence] referred to the City's hiring practices rather than to the tortious acts of the traffic agent and police officer." (Apparently, the City's liability under the notice of claim was derivative.) In the present case, however, the wrongdoers are the same in the notice of claim and the contract causes of action – the Port Authority and its agents, and the acts and/or omissions are precisely the same.

Similarly, in <u>Olivera v. City of New York</u>, 270 A.D.2d 5, 704 N.Y.S.2d 42 (1st Dept. 2000) and <u>Steinberg v. Village of Garden City</u>, 247 A.D.2d 463, 668 N.Y.S.2d 674 (2d Dept. 1998), the facts in the notice of claim were wholly different from those in the complaint. In <u>Olivera</u>, the notice of claim alleged property damages and the complaint alleged personal injuries. In <u>Steinberg</u>, the notice of claim alleged damage to an automobile and the complaint alleged claims for the driver's personal injuries and her husband's loss of services. (Contrary to the suggestion in Port Authority's memorandum,

the problem in <u>Steinberg</u> was not that the notice of claim [filed by the insurance company] was based on subrogation and the complaint was for personal injuries.) Thus, in those cases, the causes of action -- even if arguably "arising out of the same facts and events as set forth in the notice of claim" (Port Authority Opp. Memo at 14) -- were not based on the same facts and events as set forth in the notice of claim. In this case, on the other hand, the damages are based on the same facts and events – i.e., the destruction of the substation and its contents and related expenses.

As conceded in our memorandum of law in support of this motion, the memorandum opinion in <u>Gordon v. City of New York</u>, 79 A.D.2d 981, 434 N.Y.S.2d 478 (2d Dept. 1981), is inconsistent with Con Edison's position and Con Edison has asked this Court not to follow it for the reasons stated therein. <u>See</u> Con Edison Memo ISO Motion to Amend at 5.

Finally, even though the case is factually distinguishable, <u>Lieber v. Village of Spring Valley</u>, 40 F.Supp.2d 525 (S.D.N.Y. 1999), supports Con Edison's position that the critical test for whether the notice of claim is adequate is whether the notice "afford[s] the public corporation the opportunity to locate the defect, conduct a proper investigation, and assess the merits of the claim." The heart of the court's analysis in <u>Lieber</u> was whether the municipality had sufficient notice of the nature of the claims, the court finding that it did because the complaint causes of action "stemmed from the alleged false arrest and imprisonment" set forth in the notice of claim. <u>Id.</u> at 531.

This Court should follow <u>Lieber</u>'s guidance and, because Con Edison's notice of claim allowed Port Authority to "locate the alleged defect, conduct a proper investigation,

-13-

and assess the merits of the claim," allow Con Edison's proposed Supplemental and Amended Complaint.

### B. Con Edison Provided Port Authority Timely Notice Of Claim Sufficient To Afford It Time To Investigate And Assess The Merits Of Both Its Negligence And Lease Claims.

Port Authority is wrong to suggest that Con Edison's contract causes of action have not been in this case. The linchpin of Port Authority's entire flawed argument on this point is stated at page 14 of its memorandum of law:

> Contract and negligence causes of action are not the same, either in law or fact. The contracts claims belatedly asserted by plaintiffs would require an analysis, *inter alia*, of specific contractual language, the parties' intent, limitation of damages, and indemnity rights – issues that would not be implicated in a negligence investigation.

As Con Edison pointed out in its initial memorandum of law, these "contract" issues are already in the case. Indeed, the lease claims are already the subject of ongoing discovery ordered by the Court. See Con Edison Memo ISO Motion to Amend at 8-11. Further, the predicate acts and omissions supporting the contract cause of action under Section 16 and the negligence causes of action are precisely the same. The only difference between the two causes of action is whether these acts or omissions need to be negligent acts or omissions for Con Edison to recover under Section 16.

Given the above, the lack of contrary legal authority, and the policy and equitable considerations discussed in the opening memorandum, this Court should find that the

"nature of claim" set forth in the April 2002 notice of claim satisfies the notice of claim condition precedent for the fourth cause of action.[9]

## POINT IV

### THE MOTION TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT DOES NOT ASSERT A POSITION INCONSISTENT WITH AN EARLIER POSITION RELIED ON BY THE COURT. *(replying to Point IV)*

In opposing the motion to file an amended and supplemental complaint, Port Authority relies on the judicial estoppel arguments in its memorandum of law in support of the motion to dismiss the November 2007 complaint and, presumably, in its reply memorandum in support of its motion to dismiss. See Port Authority Opp. Memo at 18. Con Edison relies on its memorandum in opposition to the motion to dismiss to show (1) that the statements it made in its memorandum opposing Citigroup's motion to dismiss are not inconsistent with its allegations in the November complaint and the proposed amended and supplemental complaint (Con Edison Opp. Memo to Motion to Dismiss at 25-27), and (2) that judicial estoppel applies to factual statements but not to Con Edison's arguments concerning the interpretation of a contract (Ibid. at 28). This memorandum will reply to the remainder of Port Authority's judicial estoppel arguments.

One requirement of judicial estoppel is that the prior inconsistent position have been "adopted." Port Authority incorrectly claims that the "body of case law" establishes that the courts "presume" that if a party obtains a favorable ruling in a prior litigation and

---

[9] This argument also applies to the third cause of action to the extent that this Court finds that it relates back to the original complaint.

made an inconsistent argument in requesting the ruling, the "adoption" requirement is satisfied, whether or not the court "explicitly accepted or agreed" with the prior position. See Port Authority Reply Memo ISO Motion to Dismiss at 18.

Neither in its memorandum or reply memorandum does Port Authority cite to specific language embodying that proposition.  In any case, Con Edison does not argue that the prior forum must "explicitly" accept or agree with a litigant's position for estoppel to apply.  But adoption there must be.  New Hampshire v. State of Maine, 532 U.S. 742, 750 (2001).

In the present case, there was no "adoption" of Con Edison's position concerning the lease interpretation.  As the transcript shows:

> Counsel for Port Authority:  For judicial estoppel, the Court needs to have relied specifically on the arguments raised. ... And in the Court's decision it was not clear to us whether the Court had relied on it or not.

> The Court:  I really didn't make a decision yet.

(D Ex N at 4, Tr 11/9-14).  In other words, the Court decided not to decide but to await additional discovery and briefing.

The cases cited by Port Authority to support its estoppel argument are distinguishable and inapplicable.  Unlike in this case, in all but one of the cases that make up the "body of case law" cited by Port Authority, the earlier forum accepted or agreed with the prior position and rendered a merits decision accordingly.  For example, in Reynolds v. Commissioner of Internal Revenue, 861 F.2d 469 (6th Cir. 1988), the Commissioner took the position in a bankruptcy matter that one spouse was responsible

-16-

for a capital gain. The bankruptcy court "approve[d] a payment from the bankruptcy estate on the basis of the [Commissioner's] assertion," which was "sufficient 'judicial acceptance'" to estop the Commissioner from claiming in a later proceeding that the other spouse was liable. 861 F.2d at 473. In <u>Ahrens v. Perot Systems Corp.</u>, 205 F.3d 831, 835 (5th Cir. 2000), the court found that in the earlier litigation the court "had accepted, and relied on, Ahrens' position" when it granted her motion to remand to the state court.

In <u>Matter of Coastal Plains</u>, 179 F.3d 197, 206 (5th Cir. 1999), where the position taken in the earlier proceeding convinced the bankruptcy court to lift an automatic stay, the court noted that most courts hold that the party "must have convinced the court to accept that previous position."

In <u>Edwards v. Aetna Life Insurance Company</u>, 690 F.2d 595, 599 (6th Cir. 1982) (emphasis supplied), not only did the court not apply judicial estoppel, it ruled that judicial estoppel "can not be applied in a subsequent proceeding unless a party has <u>successfully</u> asserted an inconsistent position in a prior proceeding," meaning that the party "must have been successful in getting the first court to accept the position."

The significance of the opinion in the remaining cited case, <u>Vaniman Int'l Inc. v. Pirrone</u>, 22 B.R. 166 (Bankr. S.D.N.Y. 1982), is unclear because the court's opinion does not reveal what effect Pirrone's assertion had on a decision in the earlier proceeding. Pirrone, a former stockholder and officer of Vaniman, and the holder of a second mortgage on Vaniman's property, sought relief from the bankruptcy stay so he could foreclose on the mortgage. In a similar proceeding brought by Roslyn Savings Bank, the

-17-

holder of the first mortgage, Pirrone had urged that the monetary value placed on the property by Roslyn's expert be adopted and the court agreed to consider that testimony. Later, in connection with Pirrone's own application for relief from the stay, the bankruptcy court said: "The plaintiff[] herein, having urged when it was to [his] advantage to do so that Vaniman's realty was worth no more than $360,000 [is] now judicially estopped from insisting on a higher value." 22 B.R. at 194. This case does not bear the weight Port Authority places on it. The bankruptcy court did not engage in an analysis of the factors that result in judicial estoppel. The court did not even mention what effect Pirrone's earlier position had on any decision by the court. Thus, the case does not support the Port Authority's position that judicial estoppel applies even where the earlier position was not the basis for an earlier decision.

Port Authority argues that there is no support for Con Edison's statement that the failure to show prejudice is one of several factors that dictates against the application of judicial estoppel. See Port Authority Reply Memo ISO Motion to Dismiss at 18. To the contrary, in New Hampshire v. State of Maine, 532 U.S. 742, 751 (2001) (quoted in Con Edison Opp. Memo at 24-25), the Supreme Court said that a court should consider whether the party taking the inconsistent position would gain "an unfair advantage or impose an unfair detriment on the opposing party if not estopped."

Port Authority also claims that Con Edison asserted the allegedly inconsistent statement not only in the memorandum filed in opposition to a Citigroup motion, but also in a conference (Port Authority Reply Memo ISO Motion to Dismiss at 19). Port Authority does not identify the conference, but Con Edison assumes the reference is to a

-18-

statement made by Con Edison's counsel on February 16, 2006. That statement was a mistaken reference to Section 16 rather than Section 8 of the lease. As Con Edison showed (Con Edison Opp. Memo to Motion to Dismiss at 8 and n. 8), the mistake was understandable. Even the Court has confused the same lease section numbers. <u>See</u> fn 4, <u>supra</u>.

The claim of judicial estoppel is no more applicable to the proposed amended and supplemental complaint than it is to the November 2007 complaint and does not bar the filing of either complaint.

## <u>CONCLUSION</u>

Con Edison's fourth cause of action relates back to the original complaint and the original notice of claim; its third cause of action is based upon facts that occurred since the original complaint and within the statute of limitations. The motion to file an amended and supplemental complaint should therefore be granted.

Dated: June 9, 2008

Respectfully submitted,


By:  s/Franklin M. Sachs
    Franklin M. Sachs (FS 6036)
    GREENBAUM, ROWE, SMITH & DAVIS LLP
    Attorneys for Plaintiffs
    Metro Corporate Campus One
    P.O. Box 5600
    Woodbridge, New Jersey 07095-0988
    (732) 549-5600