

RECEIVED
JUN 2 5 2008
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

# Greenbaum Rowe Smith & Davis | LLP

### COUNSELORS AT LAW

METRO CORPORATE CAMPUS ONE
P.O. BOX 5600
WOODBRIDGE, NJ 07095-0988
(732) 549-5600     FAX (732) 549-1881

DELIVERY ADDRESS: 99 WOOD AVENUE SOUTH, ISELIN, NJ 08830-2712
INFO@GREENBAUMLAW.COM
WWW.GREENBAUMLAW.COM

**FRANKLIN M. SACHS**
(732) 476-3250 - DIRECT DIAL
(732) 476-3251 - DIRECT FAX
FSACHS@GREENBAUMLAW.COM

ROSELAND OFFICE:
75 LIVINGSTON AVENUE
SUITE 301
ROSELAND, NJ 07068-3701
(973) 535-1600
FAX (973) 535-1698

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/08

June 25, 2008

Via Facsimile
The Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street – Room 1050
New York, NY 10007

*[handwritten note: motion for denied. oral argument the brief as unnecessary. and numerous previous documents have fully advised me. 6-25-08 AKH]*

Re:   **In re September 11 Property Damage and Business Loss Litigation, 21 MC 101 (AKH)**

**Consolidated Edison Co., et al. v. The Port Authority 07 CV 10582 (AKH)**

**Aegis Insurance Services Inc., et al. v. 7 World Trade Center Co. L.P., et al. 02 CV 7188 (AKH)**

**Aegis Insurance Services Inc., et al. v. 7 World Trade Center Co. L.P., et al. 04 CV 7272 (AKH)**

**Consolidated Edison Company of New York, Inc. et al. v. 7 World Trade Company, L.P., et al. 07 CV 7968 (AKH)**

Dear Judge Hellerstein:

Preparatory to trying to schedule an oral argument date for the three motions presently pending before the Court in the WTC 7 Ground Litigation, my associate contacted your chambers to inquire as to the Court's vacation schedule. In response to her inquiry to your law clerk, she was told that your law clerk was "virtually certain" that there would be no oral argument and that the Court was going to decide the motions on the papers. In the event that the Court intends to grant either of the 12(b)(6) motions, I write to specifically request that the Court grant oral argument under the "upon application" portion of Local Rule 6.1 (c) prior to making any such decisions.

1018893.01

**GREENBAUM, ROWE, SMITH & DAVIS LLP**

Honorable Alvin K. Hellerstein
June 25, 2008
Page 2

      This Court's individual rule 2(D) states that the Court "prefers oral argument on motions". We submit that dispositive motions to dismiss, in particular, are the type of motions that should be orally argued. Based upon the Court's stated preference for oral argument and the critical nature of these 12(b)(6) motions to plaintiffs' right to pursue its contract claims under sections 16,17 & 18 of the lease between Con Edison and the Port Authority and its contract claim under the 1982 agreement between Con Edison and the Silverstein defendants, I am concerned that the Court's apparent decision not to grant oral argument might be based upon the fact that some oral argument was conducted at the status conference of September 20, 2007. For several reasons, there was a good deal of confusion as to several matters discussed at that conference including, but not limited to, Con Edison's position on the issue of the date of accrual of the contract claims, the need for a new notice of claim against Port Authority, the difference between the claims under section 16 as opposed to sections 17 & 18, the injection by Port Authority into its answer in the pending action the very contract language of section 16 that is the subject of these motions, the expedited discovery regarding the very same language ordered by the court in the spring of 2006 at the request of the Citigroup defendants, and the factual issues regarding judicial estoppel, an argument that had not been raised by Port Authority in its moving papers but was raised by the Court during argument. Because of this confusion and the critical effect upon plaintiffs of the granting of these motions, we submit that oral argument after both sides have fully briefed the issues is appropriate. The contract action against 7 World Trade Company, L.P. et al, 07 CV 7968 was not discussed at all at the September 20, 2007 status conference.

      If, contrary to my fears expressed above, the Court's determination not to grant oral argument is simply based upon a determination to deny the 12(b)(6) motions at this time, a result that would not have any long-term final effect on the positions of any party, we agree that no oral argument is necessary. Oral argument can await a later motion. In that event, this request for oral argument is moot and should be considered to be withdrawn.

                           Respectfully,

                           Franklin M. Sachs

cc:    Tom Maloney, Esq. (via facsimile)
       Kate Pringle, Esq. (via facsimile)
       Beth Jacob, Esq. (via facsimile)

1018893.01